# Exhibit 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5270
FAX (212) 336-3625
Website: www.eeoc.gov

# DETERMINATION

**Respondent**
IBM Corporation
c/o Alison B. Marshall, Esq.
Partner
Jones Day
51 Louisiana Ave. NW
Washington, DC, 20001

**Charging Parties' EEOC Charge Numbers (Amended)**

| | | | | |
|---|---|---|---|---|
| 430-2019-00626 | 520-2016-02973 | 520-2016-02994 | 520-2018-04720 | 541-2018-02866 |
| 433-2018-02866 | 520-2016-02974 | 520-2016-02995 | 520-2019-01305 | 541-2018-03431 |
| 433-2018-03485 | 520-2016-02975 | 520-2016-03319 | 520-2019-02106 | 551-2017-01130 |
| 450-2018-06667 | 520-2016-02976 | 520-2016-03391 | 520-2019-02362 | 551-2018-01672 |
| 451-2017-00048 | 520-2016-02978 | 520-2016-03422 | 520-2019-02592 | 560-2016-01229 |
| 451-2018-04006 | 520-2016-02979 | 520-2016-03423 | 520-2020-03595 | 560-2016-01509 |
| 451-2019-00005 | 520-2016-02980 | 520-2017-00068 | 523-2016-00799 | **520-2016-03433** |
| 451-2019-00008 | 520-2016-02982 | 520-2017-00087 | 523-2018-01040 | **520-2017-01225** |
| 451-2019-00136 | 520-2016-02984 | 520-2017-00203 | 523-2018-01319 | **541-2016-01553** |
| 510-2016-03889 | 520-2016-02986 | 520-2017-00818 | 523-2018-01980 | **520-2016-03392** |
| 510-2017-02206 | 520-2016-02990 | 520-2017-00983 | 525-2018-01267 | |
| 510-2019-00820 | 520-2016-02992 | 520-2017-01501 | 531-2016-02066 | |
| 520-2016-02972 | 520-2016-02993 | 520-2018-04032 | 541-2015-01642 | |

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under the Age Discrimination in Employment Act (ADEA) of 1967, as amended, Respondent IBM is an employer within the meaning of the ADEA. All requirements for coverage have been met.

Charging Parties allege they and a class of similarly situated individuals were discharged based on their age. Individual Charging Parties also alleged discrimination based on national origin, sex, race, retaliation, and disability.

Respondent denies discriminating against Charging Parties. Respondent asserts that Charging Parties were discharged as part of a series of Resource Actions designed to reduce headcounts and decrease costs. Respondent contends there was no centralized decision-making, and that each individual manager was responsible for selecting individuals in his or her group that would be laid

off. Respondent offered various reasons for selection for layoff including performance, relevant skills, utilization, and consolidation of services.

The Commission's investigation reveals that Respondent conducted Resource Actions analyzed by the EEOC between 2013 and 2018 that had an adverse impact on employees in the protected age group (PAG). The investigation uncovered top-down messaging from Respondent's highest ranks directing managers to engage in an aggressive approach to significantly reduce the headcount of older workers to make room for Early Professional Hires. Analysis shows it was primarily older workers (85.85%) in the total potential pool of those considered for layoff. Evidence uncovered older employees who were laid off and told that their skills were out of date, only to be brought back as contract workers, at a lower rate of pay with fewer benefits. EEOC received corroborating testimony from dozens of witnesses nationwide supporting a discriminatory animus based on age. See above for a list of Charge Numbers covered by this Determination.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Parties and others on account of their age.

Based on the above, the evidence obtained during the investigation was insufficient to establish a violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disabilities Act of 1990, as amended, based on national origin, sex, race, retaliation, and disability.

This determination is final. The ADEA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the ADEA and the Commission's Procedural Regulations.

A commission representative will contact each party in the near future to begin conciliation. If you decline to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

**Judy Keenan**

Digitally signed by Judy Keenan
DN: cn=Judy Keenan, o=ENFORCEMENT, ou=EEOC/FOR,
email=ARLEAN.NIETO@EEOC.GOV, c=US
Date: 2020.09.03 13:46:48 -04'00'

Date _____

_____
Judy Keenan, Director
New York District Office