IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NANCY KINNEY, CHARLES TOWNSLEY, MICHAEL SAURO, WALTER NOFFSINGER, ROSA DAVIDSON, MICHAEL KELLY, TOM KIERL, CONSTANCE LEWIS, SHERI PARR, PAUL PHAM, ALVARO PAIZ, TITON HOQUE, CHRIS MANCUSO, WILBERT TALMADGE, JANET GELPHMAN, THANH DO<br>　　　Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>　　　Defendant. | §§§§§§§§§§§§§§§§§§§§ | Civil Action No.: 1:20-cv-00969<br><br>JURY TRIAL DEMANDED |

## OUT-OF-STATE PLAINTIFFS' PARTIAL MOTION TO RECONSIDER AND AMEND ORDER TO GRANT TRANSFER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Tom Kierl, Constance Lewis, Sheri Parr, Paul Pham, Chris Mancuso, and Wilbert Talmadge ("Out-of-State Plaintiffs") file this Partial Motion to Reconsider to respectfully ask this Court to Amend its Order[1] pursuant to Rule 59(e) and transfer them to the Southern District of New York under 28 U.S.C. § 1631—where IBM is at home and subject to general jurisdiction.[2] These Out-of-State Plaintiffs respectfully submit that this transfer is just under § 1631 in order to avoid potentially time barring the Out-of-State Plaintiffs' claims by the statute of limitations. In support, these Plaintiffs would respectfully show the Court as follows:

---

[1] *See* Order, pg. 13, fn. 2, Dkt. # 54.
[2] *See* FED. R. CIV. P. 59(e).

## I.   FACTUAL BACKGROUND

1. On June 7, 2021, this Court held that, under the Supreme Court's 2017 decision in *Bristol-Myers Squib*, it lacked personal jurisdiction over the Out-of-State Plaintiffs' claims against IBM.[3] This Court recognized that although the extent of *Bristol-Myers*' application in federal court is an emerging area of law, sister district courts "generally agree that *Bristol-Myers* applies to *named plaintiffs* in class or collective actions."[4] Accordingly, this Court joined this emerging body of authority and applied *Bristol-Myers*, and dismissed the Out-of-State Plaintiffs' claims.[5]

2. In its Order dismissing the Out-of-State Plaintiffs, the Court also noted that these Plaintiffs alternatively asked this Court to transfer them under 28 U.S.C. §1631 if it found jurisdiction to be wanting. The Court noted that IBM did not respond to this alternative relief—except to reiterate its request for dismissal.

3. The Court ruled in the same footnote that these Plaintiffs' request to transfer was properly denied but did not elaborate further—a *sub silentio* ruling that a transfer was not "in the interest of justice."[6] The Out-of-State Plaintiffs' now bring this motion for reconsideration to advise the Court that their claims will arguably be time barred if they are dismissed rather than transferred.

## II.   ARGUMENTS & AUTHORITIES

4. Pursuant to Rule 59 of the Federal Rules of Civil Procedure, this Court has the power to alter or amend its judgments on a motion filed no later than 28 days after the entry of judgment.[7]

---

[3] *See* Order, pg. 13, Dkt. # 54.
[4] *Id.* at 10.
[5] *See id.* at 13.
[6] *See* 28 U.S.C. § 1631 (mandating that a Court *shall* transfer unless it is not in the interest of justice).
[7] *See* FED. R. CIV. P. 59(e).

Here, the Out-of-State Plaintiffs respectfully submit to the Court that **(A)** its dismissal of the Out-of-State Plaintiffs "without prejudice" was arguably a dismissal "***with prejudice***" because these Plaintiffs may be time barred from pursuing their ADEA claims if not transferred. Plaintiffs further respectfully submit that, **(B)** the Fifth Circuit in *Franco* recently held the § 1631 transfer statute is supposed to protect federal litigants against this exact legal peril.

> **A. The Fifth Circuit has held that a dismissal *without* prejudice is to be treated as a dismissal *with* prejudice if further litigation will be time-barred.**

5.  Under the ADEA, a plaintiff seeking to file suit must first file an administrative charge with the EEOC.[8] If the plaintiff receives a right to sue letter, then the plaintiff must bring suit within 90-days after receiving their letter—which acts as a ninety-day limitations period.[9]

6.  Out-of-State Plaintiffs Lewis, Parr, Talmadge, and Pham received their right to sue letters on September 2, 2020, making their last day to file suit under the 90-day limitations period December 1, 2020. Out-of-State Plaintiffs Mancuso and Kierl received their right to sue letters on September 4, 2020, making their last day to file suit under the 90-day limitations period December 3, 2020. All Plaintiffs timely filed suit on September 18, 2020. IBM filed its Motion to Dismiss the Out-of-State Plaintiffs for lack of personal jurisdiction on October 23, 2020.[10] The Court ruled in IBM's favor on June 7, 2021 and dismissed the Out-of-State Plaintiffs "without prejudice"[11]—the Out-of-State Plaintiffs' limitations period passed in that interim.

---

[8] *See* 29 U.S.C. §623(a)(1), (d).
[9] *See St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (90-day limitations period); *see also Johnson v. Capital One, N.A.*, 3:13-CV-879-M-BH, 2014 WL 879564, at *2 (N.D. Tex. Mar 4, 2014) (outlining equitable tolling requirements); *see also* 29 C.F.R. § 1601.19(a).
[10] *See* Pls. Orig. Compl. Dkt. # 1; *see also* IBM Mot. to Dismiss, Dkt. # 9.
[11] *See* Order, pg. 13, Dkt. # 54.

7. In *Berry*, the Fifth Circuit recognized that a district court's dismissal *without prejudice* of a plaintiff now outside the 90-day limitations period in his employment discrimination suit should be legally analyzed as a dismissal *with prejudice*.[12] In so holding, the Fifth Circuit noted that "a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice."[13] Here, the Out-of-State Plaintiffs respectfully submit that, because their dismissal will arguably result in a dismissal with prejudice according to Fifth Circuit precedent, it is in the "interest of justice" under 28 U.S.C. § 1631 for this Court to amend its Order and grant these Plaintiffs a transfer to the Southern District of New York, where IBM is subject to general jurisdiction.

   **B. Under *Franco* it is in the Interest of Justice to transfer the Out-of-State Plaintiffs.**

8. The "[t]ransfer to cure want of jurisdiction" provision of 28 U.S.C. § 1631 is a peculiar statute that is a hybrid of a discretionary standard and a mandatory standard. Section 1631 provides that when jurisdiction is found to be wanting:

   > "the court **shall**, *if it is in the interest of justice*, transfer such action or appeal to any other such court… in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."[14]

Thus, the plain language of the statute suggests a transfer to a court with jurisdiction is mandatory when jurisdiction in the current court is held to be wanting, unless the transferor court—in its discretion—finds that a transfer is not in the interest of justice.

---

[12] *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (reversing a district court for abuse of discretion after dismissing a plaintiff without prejudice for failure to prosecute his claim under the heightened dismissal with prejudice standard).
[13] *Id*.
[14] 28 U.S.C. § 1631 (emphasis added) (parenthetical omitted).

### a. The Fifth Circuit very recently clarified § 1631 applies to the fact pattern of this case—and to claims dismissed for want of personal jurisdiction.

9. First, the Out-of-State Plaintiffs note to the Court that the Fifth Circuit has recently clarified that a plain reading of § 1631 establishes that it applies to this personal jurisdiction fact pattern. In *Franco*, the Fifth Circuit squarely confronted and disapproved of the argument that § 1631 only applied to claims that would otherwise be dismissed for lack of subject-matter jurisdiction—rather than personal jurisdiction. The Fifth Circuit held, "we join the weight of circuit authority and conclude that the use of the term "jurisdiction" in § 1631 encompasses both subject-matter and personal jurisdiction."[15]

10. The Fifth Circuit also analyzed the mandatory nature of the language in § 1631, and held:

> "The statute's test stipulates that a district court '*shall* transfer' any case where it finds jurisdiction lacking and that transfer, rather than dismissal, would be in the interest of justice. In light of the mandatory language, our sister circuits have approved transfers even when the parties did not move under § 1631 and where the transferring court did not mention § 1631 in its transfer orders."

Accordingly, due to the mandatory language of § 1631, the Fifth Circuit has clarified that district courts can approve a transfer *sua sponte*, even without a party formally moving for a transfer in a motion or briefing the Court on why a transfer would be in the interest of justice.[16]

### b. The Fifth Circuit also clarified that the purpose of § 1631 is to protect litigants from the statute of limitations.

11. Finally, in *Franco* the Fifth Circuit rigorously analyzed § 1631 for the purposes of an *Erie* analysis. After thorough review, the Fifth Circuit held "[w]e accordingly conclude that § 1631, which was specifically designed to protect federal litigants from the forfeiture that could

---

[15] *Franco v. Mabe Trucking Co.*, 991 F.3d 616, 622 (5th Cir. 2021).
[16] *See Franco*, 991 F.3d at 622; *see also Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, 3:18-CV-2773-L, 2019 WL 5186087, at *1 (N.D. Tex. Aug. 27, 2019) (granting transfer under 28 U.S.C. 1631 *sua sponte*).

result from a statute of limitations running after a plaintiff's mistakenly filing an action in a court that lacks jurisdiction if the interests of justice so demand…".[17] Accordingly, the Fifth Circuit has very recently held that the Out-of-State Plaintiffs' current limitations dilemma is exactly the kind of legal peril § 1631 rectifies, so long as the transfer is not unjust.

    c. **In Footnote 8 of *Franco*, the Fifth Circuit analyzed what factors it would consider in determining if a transfer was just or unjust. (1) If the original filing was made before limitations had run, and (2) if there was a suggestion that plaintiff's filing in the wrong court was made in bad faith.**

12.    The Fifth Circuit included footnote 8 in *Franco* after the quoted language *supra* just after the phrase "if the interests of justice so demand."[18] In that footnote, the Fifth Circuit expounded upon the factors that it would consider to determine if a transfer was in the interest of justice. First, the *Franco* Court wrote that it would consider if the plaintiff's initial filing was made in the "incompetent court" after the prescriptive period had already run.[19] Second, the *Franco* Court wrote that it would consider any suggestion that the plaintiff's filing in the incompetent court was made "in bad faith."[20]

13.    Here, the Out-of-State Plaintiffs demonstrably satisfy the first factor that the Fifth Circuit discussed in footnote 8 of *Franco*. The Out-of-State Plaintiffs filed their claims with this Court on September 18, 2020, well before 90-day limitations deadline of December 1, 2020. The limitations deadline passed while the parties litigated IBM's motion to dismiss for lack personal jurisdiction.

14.    As to the second factor, the Out-of-State Plaintiff's respectfully submit that there is no suggestion the filing in the Western District of Texas was made in bad faith. In its Order

---

[17] *Franco*, 911 F.3d at 626.
[18] *Id*. at fn. 8.
[19] *Id*.
[20] *Id*.

dismissing the Out-of-State Plaintiffs for lack of personal jurisdiction, this Court recognized that the Fifth Circuit has yet to analyze "the impact of *Bristol-Myers*…" in this context, and that this Court applied *Bristol-Myers* based on emerging law on this issue—as held by recent district court decisions across the country.[21] Indeed, two of the decisions cited by this Court were decided after Plaintiffs filed suit and the parties submitted initial briefs on this issue.[22] Accordingly, Plaintiffs respectfully contend that neither of the Fifth Circuit's considered factors—as discussed in footnote 8 in *Franco*—weigh against a finding that the Out-of-State Plaintiff's should be transferred in the interest of justice.

### C. The Out-of-State Plaintiff's request a transfer to the Southern District of New York under § 1631.

15. IBM admitted in its Motion to Dismiss for Lack of Jurisdiction that it is subject to general personal jurisdiction in New York.[23] The parties are thus agreed that the Southern District of New York would be a Court with competent personal jurisdiction over IBM. For the reasons stated *supra*, the Out-of-State Plaintiffs arguably cannot simply refile their ADEA claims in New York—because their claims may be time-barred. Accordingly, to avoid the potential forfeiture of Plaintiffs' claims and to further the interest of justice, the Out-of-State Plaintiffs respectfully request this Court transfer their claims to the Southern District of New York under § 1631.

### III. PRAYER

16. WHEREFORE PREMISES CONSIDERED, Plaintiffs Tom Kierl, Constance Lewis, Sheri Parr, Paul Pham, Chris Mancuso, and Wilbert Talmadge respectfully request that the Court

---

[21] Order, pg. 8 – 10, Dkt. # 54.
[22] Order, pg. 9, Dkt. # 54; *see Greinstein v. Fieldcore Services Solutions*, LLC, 2:1 8-CV-208-Z, 2020 WL 6821005 (N.D. Tex. Nov. 20, 2020); *Martinez v. Tyson Foods, Inc.*, 4:20-C V-00528-P, 2021 WL 1289898, at *3 (N.D. Tex. Apr. 7, 2021).
[23] *See* IBM Mot. to Dismiss, pg. 4 – 5, Dkt. # 9 (noting that it is at home and subject to general jurisdiction in New York).

Amend its Order entered June 7, 2021 and grant these Out-of-State Plaintiffs a transfer under 28 U.S.C. § 1631 to the Southern District of New York in the interest of justice, and for all further relief in law or in equity.

    Respectfully submitted,

    WRIGHT & GREENHILL, P.C.
    900 Congress Avenue, Suite 500
    Austin, Texas  78701
    512/476-4600
    512/476-5382 (Fax)

By:_____
    Heidi A. Coughlin
    State Bar No. 24059615
    hcoughlin@w-g.com
    Archie Carl Pierce
    State Bar No. 15991500
    cpierce@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com

    and

By:_____
    Kaplan Law Firm
    Austin Kaplan
    State Bar No. 24072176
    akaplan@kaplanlawatx.com

    **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs have complied with the Court's requirement to confer. On June 11, 2021, Plaintiffs' counsel conferred with IBM's counsel via email. Counsel for IBM is opposed to this Motion.

_____
Heidi A. Coughlin

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, I electronically filed the foregoing Partial Motion to Reconsider and Amend Order to Grant Transfer with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the Court and Plaintiff's counsel.