**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **NANCY KINNEY, et al.,** | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **CASE NO. 1:20-CV-00969-LY** |
| | § | |
| **INTERNATIONAL BUSINESS** | § | |
| **MACHINES CORPORATION,** | § | |
| Defendant. | § | |

**DEFENDANT'S ADVISORY TO OUT-OF-STATE PLAINTIFFS' PARTIAL MOTION
TO RECONSIDER AND AMEND ORDER TO GRANT TRANSFER**

This Court's denial of Out-of-State Plaintiffs' request to transfer their claims under 28 U.S.C. § 1631 was fully warranted, and those Plaintiffs' motion to reconsider that denial offers no good reason for the Court to second-guess itself.

*First*, Plaintiffs attempt to muddy the waters concerning the Court's obligations to transfer a case dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1631. While they acknowledge that such a decision is within the Court's discretion (Dkt. 55, at 4), they also characterize § 1631 as including "mandatory language." But neither § 1631 nor Plaintiffs' own cited authority, *Franco v. Mabe Trucking Co.*, 991 F. 3d 616, 626 (5th Cir. 2021), mandates a transfer following such a dismissal. To the contrary, *Franco* specifically held that "[t]he benefits of § 1631 are available *only* when the transferor court determines that it is 'in the interest of justice' to transfer the case rather than dismiss it, and the transferor court's discretion serves as a guard against the provision being abused to unfairly prejudice a defendant." *Id.* at 626, n.8 (emphasis added). Thus, this Court has no obligation to transfer the case and already rightly decided not to.

*Second*, Plaintiffs suggest (Dkt. 55, at 7) that a transfer must be granted because if they refile, their claims "may be time-barred." However, they themselves implicitly acknowledge that

1

in a new lawsuit, they could argue that their claims were equitably tolled by virtue of the pendency of this lawsuit. *Id.* at 3 n.9 (citing *Johnson v. Capital One, NA*, 2014 WL 879564 (N.D. Tex. Mar 4, 2014), as "outlining equitable tolling requirements"). Thus, Plaintiffs provide no compelling reason why this Court should reconsider its purely discretionary decision not to transfer the case when instead, Plaintiffs could choose to bring their individual claims in any forum in which personal jurisdiction is appropriate and let those courts determine whether equitable tolling is warranted under these specific circumstances.

*Third,* Plaintiffs' cited authority does not support their argument that this Court should reconsider its decision not to transfer the case. Neither of the two main cases invoked by Plaintiffs would support transfer where, as in this case, Plaintiffs can invoke equitable tolling in seeking to refile elsewhere, thus undermining any suggestion that a transfer is necessary to serve "the interest of justice." One of the two cases cited, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), involved only the Fifth Circuit's decision on whether to uphold a dismissal of a plaintiff without prejudice based on that plaintiff's own failure to prosecute the case, which is not a basis for equitable tolling. The other case relied on by Plaintiffs, *Franco*, likewise involved no request for, or discussion of, equitable tolling.

Thus, because Plaintiffs have offered no good basis for this Court to reverse itself, their motion to reconsider and transfer should be denied.

Dated: June 20, 2021						Respectfully submitted,

/s/ *Edward M. "Ted" Smith*
Edward M. "Ted" Smith
(Texas Bar No. 00791682)
Andrew Broadaway
(Texas Bar No. 24082332)
Alan Lin
(Texas Bar No. 24085435)

CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP
1607 West Avenue
Austin, Texas 78701
Phone: (512) 328-1540
Fax: (512) 328-1541
tsmith@cornellsmith.com
abroadaway@cornellsmith.com
alin@cornellsmith.com

*Attorneys for Defendant*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the Court and Plaintiffs' counsel of record.

/s/ *Edward M. "Ted" Smith*
Edward M. "Ted" Smith