IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES TOWNSLEY, et al.,<br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>    Defendant. | §<br>§<br>§<br>§   CASE NO. 1:20-CV-00969-DAE<br>§<br>§<br>§<br>§ |

**DEFENDANT'S UNOPPOSED MOTION TO REDACT CERTAIN SECTIONS OF
<u>HEARING TRANSCRIPTS</u>**

Defendant International Business Machines Corporation ("IBM" or "Defendant"), by and through its undersigned counsel, respectfully moves to redact certain sections of the written transcripts for hearings in this matter that occurred on October 12, 2021 [Dkt. No. 99] and April 26, 2022 [Dkt. No. 100]—both of which were filed on May 27, 2022. In support of its motion, which is unopposed by Plaintiffs, Defendant states as follows:

1. On May 27, 2022, two written transcripts were filed in this matter, reflecting the proceedings that occurred on October 12, 2021 ("October 2021 Hearing") and separately, on April 26, 2022 ("April 2022 Hearing") (collectively, the "Hearings") before U.S. Magistrate Judge Dustin M. Howell. *See* Dkt. Nos. 99, 100.

2. During both Hearings, the Court temporarily sealed the courtroom to the public so that the confidentiality of certain documents and the arguments stemming from those documents could be maintained. This is reflected in the Transcript of Proceedings held on October 12, 2021 [Dkt. No. 99] at 17:15-21:14, and for the Transcript of Proceedings held on April 26, 2022 [Dkt. No. 100] at 49:14-54:10. These sections, and the confidential documents and discussions contained therein, have not been disclosed to the public.

1

3. Neither Plaintiffs' nor Defendant's counsel objected to the Court's temporary sealing of the Hearings at the time it occurred.

4. At the October 2021 Hearing, the parties presented arguments and addressed the Court's questions regarding Defendant's Opposed Motion to Maintain Confidentiality Designations [Dkt. No. 59], which was prompted when Plaintiffs notified Defendant of their intent to challenge IBM's initial confidentiality designations for 68 documents. *See* Def.'s Mot. to Maintain Confidentiality Designations [Dkt. No. 59] at 5. The subject matter of the hearing necessitated discussion of documents containing confidential, sensitive, and non-public information of Defendant that had been initially designated as "Attorneys' Eyes Only" and/or "Confidential" pursuant to the Confidentiality and Protective Order [Dkt. No. 35].

5. Similarly, the April 2022 Hearing concerned Plaintiffs' Motion to Compel Discovery [Dkt. No. 75], during which Plaintiffs' counsel referenced and discussed documents containing non-public information of IBM that it had designated as "Confidential" in accordance with the Confidentiality and Protective Order [Dkt. No. 35] in this case. This included a document that had previously been prepared by Defendant specifically for litigation purposes in a prior matter handled by Plaintiffs' counsel.

6. Federal Rule of Civil Procedure 5.2(e) permits a court, "[f]or good cause," to "(1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Here, the documents referenced and/or the arguments stemming from those documents contain confidential, sensitive, and non-public information of IBM that has been designated by IBM as "Attorneys' Eyes Only" and/or "Confidential" pursuant to the Confidentiality and Protective Order. Furthermore, Defendant's Motion to Redact is limited to only those sections of the written transcript for the Hearings that occurred while the Court had

temporarily sealed the courtroom, whether in person or via a breakout room on Zoom. Again, neither Plaintiffs' nor Defendant's counsel objected to the temporary sealing of the courtroom during the Hearings.

7. Defendant's counsel has conferred with Plaintiffs' counsel regarding the requested redactions, and Plaintiffs' counsel do not oppose Defendant's request to redact the sections of the Transcript of Proceedings held on October 12, 2021 [Dkt. No. 99] and the Transcript of Proceedings held on April 26, 2022 [Dkt. No. 100] as identified in Paragraph 2.

Accordingly, IBM respectfully requests that the Court issue an order granting Defendant's Unopposed Motion to Redact Certain Sections of Hearing Transcripts and order that the following sections of the written transcripts for the October 2021 Hearing and the April 2022 Hearing be redacted as follows:

- Transcript of Proceedings held on October 12, 2021 [Dkt. No. 99] – 17:15-21:14.
- Transcript of Proceedings held on April 26, 2022 [Dkt. No. 100] – 49:14-54:10.

Respectfully submitted,

By: /s/Andrew Broadaway
Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Andrew Broadaway
State Bar No. 24082332
abroadaway@cornellsmith.com
Alan Lin
State Bar No. 24085435
alin@cornellsmith.com

**CORNELL SMITH MIERL BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for Defendant has complied with the Court's conference requirement and conferred with Plaintiffs' counsel on June 14, 2022 via email regarding the relief requested in this motion. On June 16, 2022, Plaintiffs' counsel responded in writing that Plaintiffs do not oppose the relief sought in this motion.

*/s/ Andrew Broadaway*
Andrew Broadaway

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notice such filing to all counsel of record.

*/s/ Andrew Broadaway*
Andrew Broadaway